# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARTHUR F. COYNE, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> STATION CASINOS LLC, et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:16-cv-02950-JCM-NJK <br><br> ORDER <br><br> (Docket No. 20) |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. *See* Docket No. 20; *see also* Docket No. 15 (motion to dismiss). Plaintiff filed a response in opposition, and Defendants filed a reply. Docket Nos. 21, 22. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay discovery is hereby **GRANTED**.

The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court finds that each

of these requirements has been met here and, therefore, that discovery should be stayed pending resolution of Defendants' motion to dismiss.[1]

Plaintiff argues that a stay of discovery could prejudice potential opt-in plaintiffs in light of statute of limitations issues that may arise, and that the Court should therefore toll the statute of limitations in the event a stay is entered. Docket No. 21 at 11-12. Defendants counter that nothing has prevented Plaintiff from filing a motion for conditional certification, and that any delay in doing so is of Plaintiff's own making. Docket No. 22 at 7-8. Based on the briefing before the Court, Defendants have the better argument. "[A] motion for conditional certification usually comes before much, if any, discovery." *Longnecker v. Am. Exp. Co.*, 2014 WL 4071662, at *3 (D. Ariz. Aug. 18, 2014) (quoting *Prentice v. Fund for Public Interest Research, Inc.*, 2007 WL 2729187, at *2 (N.D. Cal. Sept. 18, 2007)). Indeed, "[t]he Court may grant conditional certification prior to the start of discovery." *Ingersoll v. Royal & Sunalliance USA*, 2006 WL 859265, at *1 (W.D. Wash. Feb. 10, 2006) (citing *Reed v. Mobile County Sch. Sys.*, 246 F. Supp. 2d 1227, 1230 (S.D. Ala. 2003)). As Defendants note, Docket No. 22, Plaintiff has not argued that discovery is required to file a motion for conditional certification in this case.[2] This order stays discovery and is not a stay of all proceedings. Nothing herein prevents Plaintiff from filing a motion for conditional certification. As such, the Court does not find equitable tolling to be appropriate.

For the reasons outlined above, Defendants' motion to stay discovery is **GRANTED**. Discovery shall be stayed pending resolution of Defendants' motion to dismiss. To the extent the motion to

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and, especially in light of previous opinions of the assigned district judge, the undersigned is convinced that Plaintiff will not be able to state a claim.

[2] To the extent Plaintiff contends his ability to move for conditional certification has been hindered by the lack of discovery, he may file a new motion seeking equitable tolling on that basis. Any such motion shall provide meaningful discussion and citation to legal authority addressing analogous circumstances. The Court expresses no opinion as to whether such motion will be granted.

dismiss is not granted in full, the parties shall file a joint proposed discovery plan within 14 days of the order resolving the motion.  The Court declines to toll the statute of limitations.

IT IS SO ORDERED.

DATED: March 7, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge