UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARTHUR F. COYNE, | Case No. 2:16-cv-02950-JCM-NJK |
| Plaintiff, | |
| v. | ORDER |
| STATION CASINOS LLC, et al., | |
| Defendants. | |

Presently before the court is defendants Red Rock Resorts, Inc.'s ("Red Rock") and Station Casinos LLC's ("Station Casinos" and collectively, with Red Rock, as "defendants") motion to dismiss. (ECF No. 15). Plaintiff Arthur F. Coyne filed a response (ECF No. 17), to which defendants replied (ECF No. 19).

**I.    Facts**

This is a collective and class action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was employed by defendants as a full-time table games dealer from April 3, 2006, to June 25, 2015. (ECF No. 10). Plaintiff alleges that employees were required to attend three to four pre-shift meetings per week and were not paid for their attendance. (ECF No. 10 at 6).

Plaintiff alleges that the FLSA class consists of all hourly paid dealers employed by defendants within three years immediately preceding the filing of this action until the date of final judgment. (ECF No. 10 at 8). Plaintiff further alleges that the Nevada class consists of all hourly paid employees employed by defendants in Nevada within six years immediately

preceding the filing of this action until the date of final judgment and divided into the following sub-class: wages due and owning—consisting of all former employees.  (ECF No. 10 at 9).

Plaintiff filed the original complaint in state court on November 10, 2016.  (ECF No. 1 at 9).  Defendants removed the action to federal court on December 21, 2016, based on federal question jurisdiction.  (ECF No. 1).

On January 12, 2017, plaintiff filed an amended collective and class action complaint, alleging seven claims for relief: (1) failure to pay wages for all hours worked in violation of 29 U.S.C. § 201, *et seq.*; (2) failure to pay overtime in violation of 29 U.S.C. § 207; (3) failure to pay minimum wages in violation of the Nevada Constitution; (4) failure to compensate for all hours worked in violation of NRS 608.140 and 608.016; (5) failure to pay overtime in violation of NRS 608.140 and 608.018; (6) failure to timely pay all wages due and owing in violation of NRS 608.140 and 608.020–050; and (7) breach of contract.  (ECF No. 10).

In the instant motion, defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 15).

## II.    Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual

allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III. Discussion

### A. The Fair Labor Standards Act

The Fair Labor Standards Act ("FLSA") was created to provide a uniform national policy of guaranteeing compensation for all work or employment covered by the Act. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 741 (1981). The FLSA sets minimum wage and overtime standards for employment. 29 U.S.C. § 201 *et seq.* Specifically, the FLSA requires employers to pay employees who work in excess of forty hours per week "at a rate not less than one and one-half times" their normal wages. 29 U.S.C. § 207(a)(1).

The FLSA grants individual employees broad access to the courts and permits an action

to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. *Id.* at 740. Under the FLSA, an employee may initiate a class action on behalf of himself or herself and other similarly situated people. 29 U.S.C. § 216(b). Court-supervised notice of pendency of § 216(b) actions "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

### 1. Claim (1) – failure to pay wages for all hours worked in violation of 29 U.S.C. § 201, et seq.

Plaintiff alleges that the members of the FLSA class are entitled to compensation at the minimum wage rate for all hours actually worked. (ECF No. 10 at 11). Plaintiff alleges that defendants failed to pay the FLSA class for all hours worked by failing to compensate for the time spent attending the mandatory pre-shift meetings, which amounts to thirty to forty minutes of uncompensated work each week worked. (ECF Nos. 10 at 11–12; 17 at 2).

The FLSA's minimum wage provision entitles employees to a wage "not less than $7.25 an hour." 29 U.S.C. § 206(a). "A violation of the FLSA occurs only when the total weekly wage paid by the employer, 'when averaged across the [ ] total time worked,' falls below the minimum weekly requirement." *Sargent v. HG Staffing, LLC*, 171 F. Supp. 3d 1063, 1077 (D. Nev. 2016) (quoting *Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999)). The minimum weekly requirement is calculated by multiplying the minimum hourly statutory requirement by the number of hours actually worked in a particular week. *Id.* at 1078.

To state a claim for failure to pay minimum wage under the FLSA, a plaintiff must allege that his average hourly pay fell below the statutory minimum. *Adair*, 185 F.3d at 1063 ("The district court properly rejected any minimum wage claim the officers might have brought by finding that their salary, when averaged across their total time worked, still payed them above minimum wage."); *Sullivan v. Riviera Holdings Corp.*, No. 2:14-cv-165-APG-VCF, 2014 WL 2960303, at *2 (D. Nev. June 30, 2014) (dismissing FLSA claim because plaintiffs' allegations did not meet this standard).

Plaintiff's allegation that defendants violated § 206 by failing to pay the FLSA class "for

all hours actually worked" misunderstands the FLSA standard. *See, e.g.*, *Sargent*, 171 F. Supp. 3d 1078. "If their average weekly pay does not fall below $7.25 per hour, then the FLSA does not grant them a remedy for minimum wage violations. This is so regardless of whether they were actually paid for each hour worked." *Id.* (quoting *Sullivan*, 2014 WL 2960303, at *2).

Plaintiff's complaint has failed to set forth sufficient facts to support a reasonable inference that the FLSA class's average hourly pay for any given work week fell below the statutory minimum. Nor does plaintiff allege that the FLSA class's weekly pay fell below the federal minimum wage because of defendants' actions. In fact, plaintiff alleges that he was paid $7.65 per hour (ECF No. 10 at 6) —which is a wage not less than $7.25 an hour. *See* 29 U.S.C. § 206(a).

Accordingly, defendants' motion to dismiss will be granted as to this claim.

### 2. *Claim (2) – failure to pay overtime in violation of 29 U.S.C. § 207*

Plaintiff alleges that he worked eight hour shifts, five days a week, that he was required to attend three to four pre-shift meetings, which lasted at least ten minutes, every week worked, and that he was not compensated for these meetings. (ECF No. 10 at 6–7). Plaintiff alleges that these pre-shift meetings were mandatory pursuant to defendants' employee handbook and that the meetings were for the benefit of defendants. (ECF No. 10 at 6–7). Plaintiff further alleges that he was not paid any overtime

The FLSA's overtime compensation provision entitles covered employees to time-and-a-half wages for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1). "Accordingly, to state a claim the plaintiff must allege that she worked more than 40 hours per workweek and did not receive the correct overtime pay for that week (or weeks)." *Sullivan*, 2014 WL 2960303, at *2

Defendants argue that plaintiff's complaint failed to specify one work week in which he worked over forty hours and was not paid overtime wages. (ECF No. 15 at 17–18). Defendants thus maintain that plaintiff's complaint fails to meet the pleading standard set forth in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015). (ECF No. 15 at 17–18). The court agrees.

"[T]o survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that []he worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644–45. "A plaintiff may establish a plausible claim by estimating the length of [his] average workweek during the applicable period and the average rate at which []he was paid, the amount of overtime wages []he believes []he is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645.

Plaintiff's allegation that he routinely worked over forty hours a week—specifically, thirty to forty minutes over forty hours per week—but did not receive overtime wages for those thirty to forty minutes is conclusory. The allegations set forth in the complaint do not contain enough specificity to meet the pleading standard under *Landers*. Plaintiff merely alleges that he attended mandatory pre-shift meetings three to four times per work week, resulting in him working more than forty hours per week. Plaintiff fails to identify a specific workweek in which he was not paid overtime, but rather alleges a pattern of working unpaid overtime hours.

Plaintiff's failure to identify specific shift lengths and details of a specific work week requires the court to assume that he always worked five shifts of eight hours per week and never deviated therefrom. While *Landers* made clear that plaintiff is not required to plead his claim with mathematical precision, the pleading standard does require plaintiff to "draw on [his] memory and personal experience to develop factual allegations with sufficient specificity." *Landers*, 771 F.3d at 643, 646.

In light of the foregoing, plaintiff has failed to sufficiently state an FLSA overtime claim. Plaintiff's complaint has failed to meet the standard set forth in *Landers* by failing to specify at least one week in which an alleged ten-minute pre-shift meeting caused him to work more than forty hours per week without overtime compensation.

Accordingly, the court will grant defendants' motion to dismiss as to this claim.

**B.     State Law Claims** – claims (3) through (7)

Under 28 U.S.C. § 1367(c)(3), district courts "may decline to exercise supplemental jurisdiction over [related claims] . . . if . . . the district court has dismissed all claims over which

6

it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Because the FLSA claims are dismissed, and they are the only claims over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. *See, e.g.*, *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

Accordingly, plaintiff's remaining state law claims will be dismissed without prejudice.

**IV.    Conclusion**

Based on the aforementioned, the court dismisses without prejudice plaintiff's FLSA claims (claims (1) and (2)) for failure to state a claim under Rule 12(b)(6), and in declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims, the court dismisses claims (3) through (7) without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 15) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's amended complaint (ECF No. 10) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED THIS 2nd day of May, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE